UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **PHYLLIS AUSTIN and**<br>**PENELOPE BURRIS,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   Case No. 1:12-cv-137 SNLJ<br>) |
| U.S.D.A., RURAL HOUSING SERVICE, | )<br>) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Plaintiffs Phyllis Austin and Penelope Burris brought this action against defendant Rural Housing Service, an agency of the United States Department of Agriculture, in the Circuit Court of Ripley County, Missouri. Defendant removed this case to this Court pursuant to 28 U.S.C. §§ 1446(a) & 1442(a)(1) on August 6, 2012 (#1). Subsequently, plaintiffs' attorney, Paul Kidwell, advised plaintiffs and this Court that he would not represent them in federal court, so plaintiffs are proceeding *pro se*. On November 6, 2012, defendant filed a motion to dismiss for lack of subject matter jurisdiction (#6), arguing that the Tucker Act and Little Tucker Act, 28 U.S.C. § 1491(a) & § 1346(a)(2), respectively, apply to vest exclusive subject matter jurisdiction over this claim with the Court of Federal Claims. On December 13, 2012, plaintiffs filed a "Motion to Change Venue" and requested that this Court transfer the case to the Court of Federal Claims (#12).

In summary, plaintiffs claim that defendant made a loan to them for construction of a home in Doniphan, Missouri. Plaintiffs contracted with BARCO Construction to build the new home, but BARCO did not perform as promised and ultimately abandoned the job. Plaintiffs allege that defendant exacerbated the damages already done to them by BARCO in a number of

ways.  Plaintiffs thus claim breach of contract against defendant and claim damages in excess of $25,000.

Defendant filed its motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  The function of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial."  *United States v. Osborn*, 918 F.2d 724, 729 (8th Cir. 1990).  Defendant asserts that, because plaintiffs' complaint sounds in contract and seeks more than $10,000 in damages, this Court lacks subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a).  That statute provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a).  The companion Little Tucker Act, 28 U.S.C. § 1346(a)(2), provides that the "district courts shall have original jurisdiction, concurrent with the United States Claims Court [United States Court of Federal Claims], of . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States."

Indeed, the two statutes, taken together, provide that the United States' sovereign immunity is waived for contract actions, but exclusive jurisdiction of all such suits in excess of $10,000 is vested with the Court of Federal Claims.  *V S Ltd. P'ship v. Dept. of Housing and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).  Defendant then urges the Court to dismiss this action for want of subject matter jurisdiction.

Plaintiffs agree that the Tucker Act controls and that the Court of Federal Claims has jurisdiction, but plaintiffs urge the Court to transfer the case to the Court of Federal Claims. "District courts shall, 'in the interest of justice,' transfer actions over which they lack jurisdiction to any court in which the action could have originally been brought." *V S Ltd. P'ship*, 235 F.3d at 1113 (citing 28 U.S.C. § 1631). Plaintiffs state that it would be in the interest of justice to transfer the case because they have not had the opportunity to be heard. Notably, the defendant did not respond in any way to plaintiffs' motion. The Eighth Circuit has "in the past directed transfer when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." *Gunn v. U.S. Dept. of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997). Here, it is unclear when the statute of limitations would run, but it appears that equity favors transfer rather than dismissal. *See, e.g.*, *Carter v. United States*, 4:02CV01256 ERW, 2003 WL 24472515 (E.D. Mo. Apr. 25, 2003). With plaintiffs having been abandoned by their attorney, the Court finds that justice will be better served by transferring the case, particularly in light of defendant's failure to object.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#6) is **DENIED** and plaintiffs' motion to transfer (#12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall transfer this case to the Court of Federal Claims.

Dated this __15th__ day of March, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE