UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PHYLLIS AUTIN and<br>PENELOPE BURRIS,<br><br>    Plaintiffs,<br><br>  vs.<br><br>U.S.D.A., RURAL HOUSING SERVICE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 1:12-cv-137 SNLJ<br>)<br>)<br>)<br>) |

### AMENDED MEMORANDUM AND ORDER[1]

Plaintiffs Phyllis Austin and Penelope Burris brought this action against defendant Rural Housing Service, an agency of the United States Department of Agriculture, in the Circuit Court of Ripley County, Missouri. Defendant removed this case to this Court pursuant to 28 U.S.C. §§ 1446(a) & 1442(a)(1) on August 6, 2012 (#1). Subsequently, plaintiffs' attorney, Paul Kidwell, advised plaintiffs and this Court that he would not represent them in federal court, so plaintiffs are proceeding *pro se*. On November 6, 2012, defendant filed a motion to dismiss for lack of subject matter jurisdiction (#6), arguing that the Tucker Act and Little Tucker Act, 28 U.S.C. § 1491(a) & § 1346(a)(2), respectively, apply to vest exclusive subject matter jurisdiction over this claim with the Court of Federal Claims. On December 13, 2012, plaintiffs filed a "Motion to Change Venue" and requested that this Court transfer the case to the Court of Federal Claims (#12). This Court denied defendant's motion and granted plaintiff's motion on March 15, 2013 (#13), and the Clerk transferred the case the same day (#14).

---

[1]This memorandum has been amended to reflect that the plaintiffs are residing in a trailer on the subject property rather than in the dwelling that has been partially constructed on the property.

On April 30, 2013, plaintiffs filed a Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction (#15), as well as a Motion to Expedite Hearing (#16), and Motion for Leave to File Amended Complaint (#17).

At the outset, the Court notes that this case was closed after the Clerk transferred the case to the Court of Federal Claims.  However, the Court of Federal Claims has not yet opened the case, presumably in accordance with 28 U.S.C. § 1292, which states as follows:

> When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion. If an appeal is taken from the district court's grant or denial of the motion, proceedings shall be further stayed until the appeal has been decided by the Court of Appeals for the Federal Circuit. *The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary*. However, during the period in which proceedings are stayed as provided in this subparagraph, no transfer to the Court of Federal Claims pursuant to the motion shall be carried out.

28 U.S.C. § 1292(d)(4)(B) (emphasis added).  Thus, this Court has jurisdiction to hear plaintiffs' motion now.

Plaintiffs' claim is based on defendant's construction loan made to them for construction of their home in Doniphan, Missouri.  Plaintiffs contracted with BARCO Construction to build the new home, but BARCO did not perform as promised and ultimately abandoned the job. Plaintiffs allege that defendant exacerbated the damages already done to them by BARCO in a number of ways.  Plaintiffs thus claim breach of contract against defendant and claim damages in excess of $25,000.  Plaintiffs are currently living in a trailer on the property, but plaintiff Austin avers that the property has been foreclosed on.

Plaintiffs filed the instant motion for a temporary restraining order because they were recently advised that the defendant intends to sell their home at a Trustee's Sale on Monday, May

2

6, 2013. Both plaintiffs, a mother and daughter, are disabled and suffer from serious medical problems. They contend they will be irreparably injured if defendant sells their property and renders them homeless.

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. Temporary restraining orders may be issued without notice to the adverse party only under certain circumstances. Although the government has been provided with notice of plaintiffs' motion, the government has not responded.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

Plaintiffs have amply demonstrated that they will be irreparably harmed if the defendant sells their home on May 6. Plaintiffs live on the property and will be homeless if the property is sold. Plaintiffs' disabilities will allegedly make homelessness particularly devastating on their health and well-being. Moreover, the property itself is evidence in this case and in a case pending in state court, and selling the home will almost certainly result in changes to the home.

The harm to the defendant is likely very small. Delaying the sale of the property — which the defendant knew to be the subject of active litigation — is not likely to harm the government except perhaps monetarily. However, as indicated, the government *knew* that this property was in active litigation and may have mitigated any harm by considering that fact before planning to sell the property.

The public interest would be served by preserving the status quo. Depriving the plaintiffs of their property and allowing destruction of evidence for this case and their state-court action is not in the public interest. Although taxpayer money is presumably at issue on the part of the defendant, the amount at stake vis a vis selling the home now versus later is likely negligible.

Finally, as to the plaintiffs' likelihood of success, the Court observes that "where the movant has raised a substantial question and the equities are otherwise strongly in his favor, the showing of success on the merits can be less." *Dataphase Sys., Inc.*, 640 F.2d at 113. Plaintiffs' breach of contract claim against defendant appears fact-intensive, but the facts they allege, if proven, may support their claim. As summarized in defendant's Motion to Dismiss (#7), the facts alleged are as follows:

> Defendant, an Agency of the United States Department of Agriculture, made a loan to Plaintiffs for construction of a home in Doniphan, Missouri. Plaintiffs, in turn, contracted with BARCO Construction to build the new home. BARCO Construction did not perform as promised, resulting in defects in work and omissions from plans. BARCO Construction failed to respond to Plaintiffs' requests, and ultimately abandoned the job. Plaintiffs sought assistance from Defendant, both in regards to remedying BARCO Construction's performance, and in obtaining substitute performance after BARCO Construction abandoned the job. Defendant failed to assist Plaintiffs, and in fact, took actions which exacerbated the damages, including:
> - Failing to properly inspect the premises;
> - Paying BARCO amounts in excess of that required by Defendant's regulations;
> - Withholding loan funds under the premise that BARCO Construction may be entitled to the funds;
> - Discouraging other contractors from finishing the job;
> - Failing to provide basic information about the loan;
> - Converting the construction loan into a permanent loan despite the home not being completed; and
> - Charging a higher rate of interest for the permanent loan than agreed.

Plaintiffs allege that such actions constitute breach of contract. They have supplied detailed affidavits and exhibits in support of their claims. Thus, in light of the equities at stake, the Court

finds that the plaintiffs have adequately shown that a "substantial question" is raised, and an injunction is warranted.

The defendant has received notice of plaintiff's motion, and counsel for defendant was contacted by the Court for purposes of setting the matter for hearing.  Counsel for defendant agreed not to oppose the grant of the Temporary Restraining Order pending the Court of Federal Claims's assumption of jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's  Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction (#15) is **GRANTED** for the reasons stated herein on this day, May 1, 2013, at 4:30 p.m.;

**IT IS FURTHER ORDERED** that defendant is enjoined from selling "All of Lots 23 and 24, Lingo Ranchette No. 2, as shown by plat on file in the office of Recorder of Deeds of Ripley County, Missouri," which is currently set for Trustee's Sale on May 6, 2013, between 10:00 a.m. and 2:00 p.m., until such time as a hearing on a preliminary injunction may be heard on this matter by the Court of Federal Claims or this Court.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Expedite Hearing (#16) is **GRANTED**;

**IT IS FURTHER ORDERED** that in the event the Court of Federal Claims does not assume jurisdiction over this case, a hearing on preliminary injunction will be set at a later date by this Court.

**IT IS FINALLY ORDERED** plaintiff's Motion for Leave to File Amended Complaint (#17) is held in abeyance pending transfer of this matter to the Court of Federal Claims.

Dated this   6th   day of May, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE